# Exhibit A:
# DHS Report of Investigation 001

REQUESTED BY:  REVORD, CHRISTOPHER J
O F F I C I A L   U S E   O N L Y

| DEPARTMENT OF HOMELAND SECURITY<br>ICE<br><br>R E P O R T   O F   I N V E S T I G A T I O N | TECS ACCESS CODE 3 |
|---|---|
| | PAGE    1 |
| | CASE NUMBER |

TITLE: CLAYTON BROTHER ET AL

CASE STATUS:    INIT RPT

| REPORT DATE<br>040115 | DATE ASSIGNED<br>033115 | PROGRAM CODE<br>YD0 | REPORT NO.<br>001 |
|---|---|---|---|

RELATED CASE NUMBERS:

COLLATERAL REQ:

TYPE OF REPORT:
INVESTIGATIVE FINDINGS          /   INITIAL SOURCE DOCUMENT

TOPIC: BACKGROUND INFORMATION ON CLAYTON BROTHERS

SYNOPSIS:
Homeland Security Investigations (HSI), Border Enforcement Security Task Force (BEST) Massena, New York has received information from the New York State Police (NYSP) Bureau of Criminal Investigations (BCI) that Clayton BROTHERS is a convicted felon in possession of several firearms, body armor and ammunition. This case has been accepted for federal prosecution by the Northern District of New York (NDNY).

This report details the circumstances leading to the discovery of weapons, body armor and ammunition believed to belong to Clayton BROTHERS.

| DISTRIBUTION:<br>RACMZ SACBU HQTK | SIGNATURE:<br>REVORD        CHRISTOPHE J  SPECIAL AGENT |
|---|---|
| | APPROVED:<br>WAUGAMAN       JACK      G  OI GRP SUPERVISOR |
| | ORIGIN OFFICE: MZ<br>MASSENA, NY - RAC | TELEPHONE: 315 769 3739 |
| | | TYPIST: REVORD |

O F F I C I A L   U S E   O N L Y

THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY OF THE DEPARTMENT OF HOMELAND SECURITY, ICE. ANY FURTHER REQUEST FOR DISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED TO ICE HEADQUARTERS TOGETHER WITH A COPY OF THE DOCUMENT.



O F F I C I A L   U S E   O N L Y

| DEPARTMENT OF HOMELAND SECURITY ICE | PAGE    2 |
|---|---|
| R E P O R T   O F   I N V E S T I G A T I O N C O N T I N U A T I O N | CASE NUMBER |
| | REPORT NUMBER: 001 |

CASE PROGRAM CODES:

YD0 CRIMINAL, ALL OTHER    J7B MASSENA RES OPS       L6W BEST MASSENA
6IE BEST                   TFO HSI TASKFORCE OFFICE

O F F I C I A L   U S E   O N L Y
THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY
OF THE DEPARTMENT OF HOMELAND SECURITY, ICE. ANY FURTHER REQUEST FOR
DISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED
TO ICE HEADQUARTERS TOGETHER WITH A COPY OF THE DOCUMENT.

O F F I C I A L   U S E   O N L Y

| DEPARTMENT OF HOMELAND SECURITY ICE | PAGE    3 |
| --- | --- |
| | CASE NUMBER |
| R E P O R T   O F   I N V E S T I G A T I O N C O N T I N U A T I O N | REPORT NUMBER: 001 |

**Details of Investigation**

On February 12, 2015, investigators of the NYSP BCI contacted investigators from BEST Massena regarding a sexual assault case they had been working. The BCI stated during the course of their investigation they had seized 6 firearms, multiple 30 round assault rifle magazines, a large quantity of ammunition and body armor from the residence of Clayton BROTHERS.

C. BROTHERS was convicted of Robbery on October 1, 1996 in the state of Pennsylvania and has been on parole since his release from Pennsylvania state prison.

On April 23, 2015, the NYSP initiated an investigation on C. BROTHERS after ███ ████████ reported he sexually abused her. During this time C. BROTHERS lived at 861 Blanchard Hill Rd, Russell, NY with his wife Jamie Brothers, his step daughters Robyn Hicks and Lauryn Hicks ███████████████████████████████ . John Parker also lived at the residence and is the boyfriend of Robyn Hicks.

████████ reported the sexual abuse to authorities at her high school who in turn contacted the NYSP. By the time investigators were able to respond to the residence in Russell, C. BROTHERS had left the area and could not be located. The family was advised to keep the NYSP informed if they hear from C. BROTHERS.

On April 28, 2015, Computer Forensic Agents (CFAs) from HSI RAC Massena travelled to 861 Blanchard hill Rd, Russell, NY to image all computers and electronic media accessible to C. BROTHERS for evidence of child exploitation. All results were negative. Before the HSI agents left they asked the family to look for anything suspicious and report it to them or the NYSP

On April 29, 2015, the NYSP was contacted by Parker who reported he had found guns, body armor and ammunition in the attic of 861 Blanchard Hill Rd. Parker stated after agents told him to look for anything suspicious he located an attic access above the closet in C. BROTHERS bedroom. When Parker looked in the attic he found a .50 caliber black powder rifle, a clear plastic bag containing a large quantity of ammunition and body armor. Parker also found an attic access in the garage where he located 3 assault style rifles, a hunting rifle, numerous high capacity magazines and boxes with Clayton BROTHERS' name on them. Parker told investigators none of the items he found belonged to him, J. Brother, R. Hicks or L. Hicks. the following items were seized by the NYSP on this date:

-Colt Law Enforcement Carbine (s/n: LE072633), 5.56 caliber, with Nikon scope.
-DPMS Carbine (s/n: F167433K) 5.56 caliber, with scope and Sight Mark brand green laser.

O F F I C I A L   U S E   O N L Y

THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY OF THE DEPARTMENT OF HOMELAND SECURITY, ICE. ANY FURTHER REQUEST FOR DISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED TO ICE HEADQUARTERS TOGETHER WITH A COPY OF THE DOCUMENT.

O F F I C I A L   U S E   O N L Y

| DEPARTMENT OF HOMELAND SECURITY<br>ICE | PAGE    4 |
|---|---|
| R E P O R T   O F   I N V E S T I G A T I O N<br>C O N T I N U A T I O N | CASE NUMBER |
| | REPORT NUMBER: 001 |

-Sig Sauer Pistol (s/n: TP003872) 5.56 caliber, with red dot and laser sight.
-Thompson Center Arms (s/n: K344511) .50 caliber Hawkens Muzzle loader rifle.
-Savage Arms (no serial number) .22 caliber / 410 gauge combo.
-10 black p-mags 5.56 caliber 30 round capacity: loaded with various amounts of
rounds.
-4 gray metal magazine 5.56 caliber 30 round capacity: empty.
-1 gray metal magazine 5.56 caliber 20 round capacity: loaded with unknown
number of rounds.
-camouflage soft body armor with additional black body armor.
-black nylon bag containing multiple rounds of various caliber ammunition.

On April 29, 2014, investigators of the NYSP test fired the Colt 5.56, the DPMS
5.56 and the Sig Sauer 5.56. all three weapons operated satisfactorily.

On May 17, 2014, Parker contacted investigators from NYSP to inform them he had
found another gun and a large quantity of ammunition. Parker stated he was
moving a lawn tractor out of the garage, when he moved a laundry basket stacked
on top of the lawn mower a long gun fell out of a bag which was contained in
the laundry basket. Under the bag was a large quantity of ammunition contained
in a clear plastic bag. NYSP seized the following items from this incident:

-Remington Arms rifle (s/n: 7066283), 30-06 caliber, model 742 with scope.
-Large quantity of ammunition in a clear plastic bag.

On May 18, 2014, Parker again contacted investigators from NYSP to advise them
he had found two more loaded high capacity magazines. Parker stated he was
walking approximately 300 yards behind the house on the property when he found
two loaded high capacity magazines in a duck blind. The NYSP seized both Sig
Sauer .223 caliber loaded magazines.

On June 26, 2014, J. Brother contacted the NYSP and informed them that her son
visiting from Texas had found more ammunition in a box of belongings he had
stored at 861 Blanchard Hill Rd. The NYSP seized the large quantity of .223
caliber ammunition.

On January 26, 2015, Clayton BROTHERS was located and taken into custody in
South Carolina for violation of Pennsylvania state parole. C. BROTHERS had not
reported to his Parole officer since he left Russell, NY on April, 24, 2014.

C. BROTHERS is currently serving a 6 month sentence at State Correctional
Institute, Camp Hill, PA for failure to report to his parole officer. C.
BROTHERS will be release to Pennsylvania state parole on July 26, 2015.

The investigation continues.

O F F I C I A L   U S E   O N L Y
THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY
OF THE DEPARTMENT OF HOMELAND SECURITY, ICE. ANY FURTHER REQUEST FOR
DISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED
TO ICE HEADQUARTERS TOGETHER WITH A COPY OF THE DOCUMENT.

REQUESTED BY:   REVORD, CHRISTOPHER J

OFFICIAL USE ONLY -- TECS II INFORMATION -- OFFICIAL USE ONLY

050615                          TECS II - LIST OF RELATED RECORDS                    PAGE    1
                                                                                     TN007005

OFFICIAL USE ONLY -- TECS II INFORMATION -- OFFICIAL USE ONLY

# Exhibit B:

# Penn. Bd. Prob. & Parole Conditions Governing Parole/Reparole

Pennsylvania Board of Probation and Parole
PBPP-11 (Rev. 7/91)

## CONDITIONS GOVERNING PAROLE/REPAROLE

To:    Clayton, Brothers                                      Parole No.      881AR

1.  Report in person or in writing within 48 hours to the district office or sub-office listed below, and do not leave that district without prior written permission of the parole supervision staff.

> S. Lowman
> 2706 Cherrybrook Lane
> Pasadena, Texas 77502
> 713-941-8345
> **Report in person immediately upon arrival**

2.  Your approved residence is listed below and may not be changed without the written permission of the parole supervision staff.

> Gwyneth F. Carr (Mother)
> 8128 Tri City Beach Road
> Baytown, Texas 77520
> 281-383-3272

3.  Maintain regular contact with the parole supervision staff by:
    a.  reporting regularly as instructed and following any written instructions of the Board or the parole supervision staff,
    b.  notifying the parole supervision staff within 72 hours of: (1) your arrest; or (2) your receipt of a summons or citation for an offense punishable by imprisonment upon conviction; and
    c.  notify the parole supervision staff within 72 hours of any change in status, including, but not limited to, employment, on-the-job training, and education.

4.  Comply with all municipal, county, state and Federal criminal laws, as well as the provisions of the Vehicle Code (75 Pa. C.S. § 101 et seq.), and the Liquor Code (47 P.S. § 1-101 et seq.).

5.  You shall:
    a.  abstain from the unlawful possession or sale of narcotics and dangerous drugs and abstain from the use of controlled substances within the meaning of the Controlled Substance, Drug, Device, and Cosmetic Act (35 P.S. § 780-101 et seq.) without a valid prescription;
    b.  refrain from owning or possessing any firearms or other weapons; and
    c.  refrain from any assaultive behavior.

6.  You shall pay fines, costs, and restitution imposed on you by the sentencing court. You shall establish with appropriate county authorities within thirty (30) days of your release from prison a payment schedule for the fines, costs and restitution owed for those cases for which you are now on parole. Thereafter, you shall:
    a.  pay these obligations according to the established payment schedule or as ordered by the court;
    b.  provide proof of such payment to parole supervision staff; and
    c.  keep the parole supervision staff and the court informed of any changes in your financial ability to pay fines, costs and restitution.

7.  You shall comply with the special conditions listed on page 2 imposed by the Board and with special conditions imposed by the parole supervision staff.

Additionally, should problems arise, or questions occur concerning the conditions of your parole/reparole, consult with the parole supervision staff, and they will help you in the interpretation of the Conditions of Parole/Reparole.

If you are arrested on new criminal charges, the Board has the authority to lodge a detainer against you which will prevent your release from custody, pending disposition of those charges, even though you may have posted bail or been released on your own recognizance from those charges.

If you violate a condition of your parole/reparole and, after the appropriate hearing(s), the Board decides that you are in violation of a condition of your parole/reparole you may be recommitted to prison for such term as may be specified by the Board.

If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

If you think that any of your rights have been violated as a result of your parole supervision, you may submit a timely complaint in writing, first to the district director of the district office through which you are being supervised. If your complaint is not resolved at your satisfaction, you may then submit your complaint in writing to the Pennsylvania Board of Probation and Parole, Bureau of Probation Services, 1101 South Front St. Suite 5400, Harrisburg, Pa. 17104-2520

In consideration of being granted the privilege of parole/reparole by the Pennsylvania Board of Probation and Parole, I hereby agree that:

If I am ever charged with a parole violation arising out of my conduct while in a jurisdiction other than the Commonwealth of Pennsylvania, the revocation of my parole for that violation may be based solely on documentary evidence and I hereby waive any right to confront or cross-examine any person who prepared any such documentary evidence or who supplied that evidence in its preparation;

I expressly waive extradition to the Commonwealth of Pennsylvania from any jurisdiction in or outside of the United States, where I may be found, and I shall not contest any effort by any jurisdiction to return me to the United States or to the Commonwealth of Pennsylvania; and

I expressly consent to the search of my person, property and residence, without a warrant by agents of the Pennsylvania Board of Probation and Parole. Any items, in the possession of which constitutes a violation of parole/reparole shall be subject to seizure, and may be used as evidence in the parole revocation process.

# Exhibit C:

# DOCCS Cert. of Release to Parole Supervision Nov. 5, 2013

```
02:14:51 p.m. 09-23-2015     6     3157852301
   09/23/2015   14:55    3157852301          WATERTWN                    PAGE   06
```

**STATE OF NEW YORK**
010 (Rev. 3/2012)
**DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION (DOCCS)**
**CERTIFICATE OF RELEASE TO PAROLE SUPERVISION**

SENTENCE: [ ] INDETERMINATE   [ ] DEFINITE       NYSID #: __00043744 S__   DIN# _____

__BROTHERS, Clayton__, now confined in _____ who was convicted of _____

and sentenced in the county of _____, 20____, for the term of _____ Court, Judge _____ presiding on the

_____ day of _____, 20____, for the term of _____ the maximum term of which sentence expires on the _____ day of

_____, 20____, has agreed to abide by the conditions to which (he) (she) has signed (his) (her) name below, and is

hereby granted [ ] Conditional Release   [ ] Parole   by the Board of Parole, by virtue of the authority conferred by New York State Law.

It is hereby directed that (he) (she) be released and placed under legal jurisdiction of the Department of Corrections and Community Supervision

until the _____ day of _____, 20____.

Signed this _____ day of _____, 20____ at _____

Date of Release: _____     Board of Parole:   __Watertown Sub Area Office__

                                                         __317 Washington Street__

                                                         __Watertown, New York 13601__

I, __BROTHERS, Clayton_____, voluntarily accept Parole Supervision. I fully understand that my person, residence and property are subject to search and inspection. I understand that Parole Supervision is defined by these Conditions of Release and all other conditions that may be imposed upon me by the Board or its representatives. I understand that my violation of these conditions may result in the revocation of my release.

**CONDITIONS OF RELEASE**

1. I will proceed directly to the area to which I have been released, and, within twenty-four hours of my release, make my arrival report to the Community Supervision Office indicated below, unless other instructions are designated on my release agreement.
2. I will make office and/or written reports as directed.
3. I will not leave the State of New York or any other state to which I am released or transferred, or any area defined in writing by my Parole Officer without permission.
4. I will permit my Parole Officer to visit me at my residence and/or place of employment and I will permit the search and inspection of my person, residence and property. I will discuss any proposed changes in my residence, employment or program status with my Parole Officer. I understand that I have an immediate and continuing duty to notify my Parole Officer of any changes in my residence, employment or program status when circumstances beyond my control make prior discussion impossible.
5. I will reply promptly, fully and truthfully to any inquiry of or communication by my Parole Officer or other representative of the Department of Corrections and Community Supervision.
6. I will notify my Parole Officer immediately any time I am in contact with or arrested by any law enforcement agency. I understand that I have a continuing duty to notify my Parole Officer of such contact or arrest.
7. I will not be in the company of or fraternize with any person I know to have a criminal record or whom I know to have been adjudicated a Youthful Offender except for accidental encounters in public places, work, school or in any other instance with the permission of my Parole Officer.
8. I will not behave in such a manner as to violate the provisions of any law to which I am subject which provide for a penalty of imprisonment, nor will my behavior threaten the safety or well-being of myself or others.
9. I will not own, possess, or purchase any shotgun, rifle or firearm of any type without the written permission of my Parole Officer. I will not own, possess or purchase any deadly weapon as defined in the Penal Law or any dangerous knife, dirk, razor, stiletto, or imitation pistol. In addition, I will not own, possess or purchase any instrument readily capable of causing physical injury without a satisfactory explanation for ownership, possession or purchase.
10. In the event that I leave the jurisdiction of the State of New York, I hereby waive my right to resist extradition to the State of New York from any state in the Union and from any territory or country outside the United States. This waiver shall be in the full force and affect until I am discharged from Parole or Conditional Release. I fully understand that I have the right under the Constitution of the United States and under law to contest an effort to extradite me from another state and return me to New York, and I freely and knowingly waive this right as a condition of my Parole or Conditional Release.
11. I will not use or possess any drug paraphernalia or use or possess any controlled substance without proper medical authorization.
12. Special Conditions:




13. I will fully comply with the instructions of my Parole Officer and obey such additional written conditions as he or she, a Member of the Board of Parole or an authorized representative of the Department of Corrections and Community Supervision may impose.

I hereby certify that I have read and that I understand the foregoing conditions of my release and that I have received a copy of the Certificate of Release.

Signed the __5th__ day of __November__, 20__13__

Released: X _____          Witness: P.D. Lawrence #1874

# Exhibit D:

# DHS Report of Investigation 004

REQUESTED BY:  REVORD, CHRISTOPHER J
O F F I C I A L   U S E   O N L Y

| DEPARTMENT OF HOMELAND SECURITY ICE | TECS ACCESS CODE 3 |
|---|---|
| R E P O R T   O F   I N V E S T I G A T I O N | PAGE   1 |
| | CASE NUMBER |

TITLE: CLAYTON BROTHER ET AL

CASE STATUS:    INTERIM RPT

| REPORT DATE 062915 | DATE ASSIGNED 033115 | PROGRAM CODE YD0 | REPORT NO. 004 |
|---|---|---|---|

RELATED CASE NUMBERS:

COLLATERAL REQ:

TYPE OF REPORT:
INVESTIGATIVE FINDINGS
                         /   MEMO OF INTERVIEW

TOPIC: INTERVIEW OF WITNESSES

SYNOPSIS:
Homeland Security Investigations (HSI), Border Enforcement Security Task Force
(BEST) Massena, New York has received information from the New York State
Police (NYSP) Bureau of Criminal Investigations (BCI) that Clayton BROTHERS is
a convicted felon in possession of several firearms, body armor and ammunition.
This case has been accepted for federal prosecution by the Northern District of
New York (NDNY).

This report details the in person interview of Jamie Brothers, her oldest
daughter Robyn Hicks and Joseph MARTIN (at a different location). This report
also Details the telephonic interview of Jonathan Parker, Robyn Hick's
ex-boyfriend.

| DISTRIBUTION: RACMZ SACBU HQTK | SIGNATURE: _____ REVORD         CHRISTOPHE J  SPECIAL AGENT |
|---|---|
| | APPROVED: _____ WAUGAMAN         JACK         G   OI GRP SUPERVISOR |
| | ORIGIN OFFICE: MZ MASSENA, NY - RAC | TELEPHONE: 315 769 3739 |
| | | TYPIST: REVORD |

O F F I C I A L   U S E   O N L Y
THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY
OF THE DEPARTMENT OF HOMELAND SECURITY, ICE. ANY FURTHER REQUEST FOR
DISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED
TO ICE HEADQUARTERS TOGETHER WITH A COPY OF THE DOCUMENT.

O F F I C I A L   U S E   O N L Y

| DEPARTMENT OF HOMELAND SECURITY<br>ICE<br><br>R E P O R T   O F   I N V E S T I G A T I O N<br>C O N T I N U A T I O N | PAGE    2 |
|---|---|
| | CASE NUMBER |
| | REPORT NUMBER: 004 |

CASE PROGRAM CODES:

YD0 CRIMINAL, ALL OTHER    J7B MASSENA RES OPS        L6W BEST MASSENA
6IE BEST                   TFO HSI TASKFORCE OFFICE

O F F I C I A L   U S E   O N L Y

THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY
OF THE DEPARTMENT OF HOMELAND SECURITY, ICE. ANY FURTHER REQUEST FOR
DISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED
TO ICE HEADQUARTERS TOGETHER WITH A COPY OF THE DOCUMENT.

O F F I C I A L   U S E   O N L Y

| DEPARTMENT OF HOMELAND SECURITY<br>ICE<br><br>R E P O R T   O F   I N V E S T I G A T I O N<br>C O N T I N U A T I O N | PAGE    3 |
| --- | --- |
| | CASE NUMBER |
| | REPORT NUMBER: 004 |

Details of Investigation

On June 5, 2015, Agents from BEST Massena and an AUSA from the Northern District of New York interviewed Jamie Brothers and Robyn Hicks at their residence located at 861 Blanchard Hill Rd, Russell, NY. The purpose of this interview was to find out how the family never knew about the multiple firearms, body armor and large quantity of ammunition hidden in the attic of both the house and the garage.

Jamie Brothers and Robyn Hicks stated at no point in time while they lived with Clayton BROTHERS have they ever seen the firearms or ammunition that was seized from their residence in April 2014. They both said they saw the body armor hanging in the closet when they lived in Texas. According to J. Brothers, C. BROTHERS said he would use the body armor for protection from other hunters when he hunted in New York.

Jamie Brothers stated C. BROTHERS received multiple shipments from FEDEX when they lived in Texas but she did not know where they were from or the contents. J. BROTHERS does not recall any large packages being delivered to the house in Russell, NY.

Jamie Brothers stated Clayton BROTHERS purchased the above mentioned residence in the late spring, early summer of 2012. During this time, Clayton Brothers made at least five trips from their house in Texas to the new residence in New York to move household items and other personal articles. J. Brothers said Clayton BROTHERS wanted to move the majority of their things before the family moved to New York so the house was livable when they arrived. Jamie also stated she only packed her personal items and fragile dishes that had been in her family for years. Jamie Brothers went on to say Clayton BROTHERS was assisted by Joe MARTIN (DOB:          ). MARTIN would fly down to Texas, help C. BROTHERS pack the moving truck and drive back to New York with him.

MARTIN served prison time with Clayton BROTHERS in Pennsylvania and that is how they met. MARTIN and Clayton BROTHERS stayed in touch after being released from prison. Clayton BROTHERS purchased the residence at 861 Blanchard Hill Rd from MARTIN'S mother-in-law.

Robyn Hicks stated she had only been in the attic of the garage one time and that was in June of 2012 (shortly after they moved to New York) to help move large quantity of canned food from the attic to the main level of the garage. Jamie Brothers said she knew the attic above the garage existed but had never been up there. Robyn Hicks said her sister; Lauryn Hicks went into the garage attic once to move her mother's wedding items.

O F F I C I A L   U S E   O N L Y
THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY OF THE DEPARTMENT OF HOMELAND SECURITY, ICE. ANY FURTHER REQUEST FOR DISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED TO ICE HEADQUARTERS TOGETHER WITH A COPY OF THE DOCUMENT.

O F F I C I A L   U S E   O N L Y

| DEPARTMENT OF HOMELAND SECURITY<br>ICE | PAGE    4 |
|---|---|
| | CASE NUMBER |
| R E P O R T   O F   I N V E S T I G A T I O N<br>C O N T I N U A T I O N | REPORT NUMBER: 004 |

Both Robyn Hicks and Jamie Brothers said they have never been in the attic located above the master bedroom closet.

According to Jamie Brothers and Robyn Hicks, Clayton BROTHERS made it well known to the family they should not go through his belongings and to stay away from his property.

Shortly after the family moved to Russell, NY Robyn Hicks and started working for a temp agency stocking shelves at a warehouse. She worked from 6:00 a.m. to 4:30 p.m., Monday through Friday. Jamie Brothers began working for the same temp agency in October of 2013 but held a position in the administrative office for Kinney Drugs Monday through Friday 8:00am to 4:30pm. J. BROTHERS held that position until June of 2014.

In October of 2013, Robyn Hicks said she move back to Texas for a few months and returned to New York with her boyfriend in February of 2014. When Robyn moved back she resumed her job with the same temp agency and maintained the same schedule.

Robyn Hicks stated her boyfriend; John Parker (DOB:          ) was unemployed and spent the majority of the day with C. BROTHERS helping him around the house and property.

On June 5, 2015, Agents from BEST Massena interviewed Joseph MARTIN at his residence located at 1325 County Route 17, Russell, NY. MARTIN stated he met C. BROTHERS at Huntington State correctional institute in Pennsylvania in 1996. They were both in the same Christian fellowship group and became friends. MARTIN said he served 26 years in prison for two rape conviction he had received. Shortly after he was released from prison, MARTIN said he was contact by C. BROTHERS and the two stayed in contact. In the spring of 2012 MARTIN said he told C.BROTHERS about the house his mother-in-law was selling and C. BROTHERS eventually bought it. MARTIN said he travelled down to Texas on several occasions for the purpose of helping C. BROTHERS move his family's belonging to Russell, NY.

Special Agents from BEST Massena presented MARTIN with photographs of the firearms seized from C. BROTHERS' residence in April 2014. MARTIN stated he had never seen the firearms before and he did not know C. BROTHERS possessed them. MARTIN did say he was not surprised the firearms were found at the C. BROTHERS' residence because MARTIN described C. BROTHERS as a "very secretive person." MARTIN stated he did not spend much time with C. BROTHERS after he moved to Russell, NY despite only living a couple miles away. When they did they see each other they would cut fire wood for the winter.

O F F I C I A L   U S E   O N L Y

THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY OF THE DEPARTMENT OF HOMELAND SECURITY, ICE. ANY FURTHER REQUEST FOR DISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED TO ICE HEADQUARTERS TOGETHER WITH A COPY OF THE DOCUMENT.

O F F I C I A L   U S E   O N L Y

| DEPARTMENT OF HOMELAND SECURITY<br>ICE | PAGE    5 |
| --- | --- |
| R E P O R T   O F   I N V E S T I G A T I O N<br>C O N T I N U A T I O N | CASE NUMBER |
| | REPORT NUMBER: 004 |

On June 14, 2015, Agents from BEST Massena telephonically interviewed Johnathan Parker. Parker stated the only time he saw the firearms, ammunition or body armor seized by law enforcement was when he found them. Parker did say he saw a crossbow that C. BROTHERS would use for hunting because it was stored in plain sight next to the laundry room in the house. Parker noticed the day before C. BROTHERS was told to leave the house by Jamie BROTHERS (⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ he spent a lot of time in the garage. So when law enforcement officers told the family to look around for anything suspicious, parker immediately thought of looking in the garage. Parker also stated his father was charged with sexually molesting ⬛⬛⬛⬛⬛⬛⬛ when they were younger and he understood how difficult it was to prove those types of cases, so he took it very seriously when law enforcement asked the family to look for anything suspicious.

Parker told agents while he lived in Russell, NY with C. BROTHERS he would help him around the house with projects and cutting wood. Parker described C. BROTHERS as having a sovereign citizen or survivalist type mentality. Parker explained conversation he had with C. BROTHERS where C. BROTHER expressed desires to "live off the Grid". Parker also quoted C. BROTHERS as making statement such as "Obama is the Devil" and "there are lizards living among us", referring to government investigators' abilities to blend in with the general population.

The investigation continues.

O F F I C I A L   U S E   O N L Y
THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY OF THE DEPARTMENT OF HOMELAND SECURITY, ICE. ANY FURTHER REQUEST FOR DISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED TO ICE HEADQUARTERS TOGETHER WITH A COPY OF THE DOCUMENT.

# Exhibit E:
# Affidavit of Clayton Brothers

UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      -v-

CLAYTON BROTHERS,

                 Defendant.

**AFFIDAVIT**
CASE NO. 5:15-CR-0198 (BKS)

---

State of New York     )
County of Onondaga    )

    I, Clayton Brothers, being duly sworn, depose and say that:

1. I own the home at 861 Blanchard Hill Road in Russell, New York. It is my residence. Most of my belongings remain there.

2. I temporarily left the home in April 2014 after a dispute with my wife and step-children. I still consider it my home.

3. There is a lock on my bedroom door. My wife and I are the only ones with keys.

4. The garage contains a wood stove, a hammock, a comfortable chair, my books, and many of my belongings. When I am home I spend a lot of time there.

5. I have repeatedly told my family not to go through my belongings and to stay away from my property.

6. John Parker was at one time dating my step-daughter. In February 2014 he arrived from Texas with just a backpack to visit. Other than the backpack, his belongings remained in Texas. He did not have a key to my house. He did not have his own room in my house. He was allowed to sleep in my step-son's room. He did not pay rent. He did not assist

1

with paying any bills. I understood that he was a temporary guest.

7. The agents who came to see me at Camphill Pennsylvania State Correctional Institute never advised me of my *Miranda* rights.

8. During the interrogation, one of the agents told me, "You need a lawyer." I said "Okay, can you get one for me?" One of the agents responded, "That is not our job." The agents then continued questioning me.

9. I asked the agents for official paperwork. One of the agents said, "No."

I declare under penalty of perjury that the foregoing is true and correct.

October 26, 2015

Clayton Brothers

2

# Exhibit F:

# Cheaperthandirt.com Invoice

| Order #<br>6499578A | | COPY | | Invoice Date<br>05/02/11 | Page<br>1 |
|---|---|---|---|---|---|

| Bill To | Ship To |
|---|---|
| CLAY BROTHERS<br>947 NEPTUNE LN<br>HOUSTON, TX  77062-4304 | CLAY BROTHERS<br>16319 MILL POINT DR<br>HOUSTON, TX  77059-5316 |

| Customer No.<br>4707969 | Sales I.D.<br>WEB/WEB | Reference # | Source<br>/WEB | Terms<br>XXXXXXXX0545 Visa | |
|---|---|---|---|---|---|
| Ordered By | | Warehouse | Phone Number<br>(832) 343-4927 | Total Wt.<br>0.0 Lbs | Zone | Pkg<br>0 | Ship Via<br>FHD |

Thank you for your order from www.CheaperThanDirt.com

| Qty | B/O | Ship | Item # | Description | Un. Price | Ds | Amount |
|---|---|---|---|---|---|---|---|
| 1 | 0 | 1 | AMM-223C | Ammo .223/5.56 NATO Lake City XM855 FMJ<br>62 Grain Steel Penet<br>1000 Loose Bulk Case 3025 fps XM855CS | 479.79 | -- | 479.79 |
| 1 | 0 | 1 | ARR-203 | AR-15 CQB Tactical Sniper Single-Point Sling<br>Black<br>Elastic Allows for Quick Deployment | 29.97 | -- | 29.97 |
| 1 | 0 | 1 | ZAA-105 | FAST Magnetic Holster<br>Super Strong Magnet with Non-marring Coating | 29.97 | -- | 29.97 |
| 1 | 0 | 1 | 46178 | Winchester XP3 Tri-Lens Shooti<br>ng Glasses Smoke Yellow & Clea<br>* 46178 HAS BEEN SHIPPED SEPARATELY * | 18.69 | -- | 18.69 |
| 1 | 0 | 1 | CAMP-208 | AquaPodKit Emergency Water Storage 65<br>Gallon<br>Includes Bladder And Pump With Instructions | 19.97 | -- | 19.97 |
| 1 | 0 | 1 | MHR-316 | STOMP Portable Hospital Black Backpack<br>Military Medical Kit<br>Extensive and Intensive Medic Care | 449.97 | -- | 449.97 |
| 1 | 0 | 1 | CAMP-250 | Mosquito Net Military Style OD Green<br>Fine-mesh Polyester Net 8 Foot Diameter | 9.97 | -- | 9.97 |
| 1 | 0 | 1 | CAMP-352 | Just Water Ceramic Water Filtration System<br>Filter Kit<br>Ceramic Filter Sock Spigot 0.2 Micron Efficiency | 29.97 | -- | 29.97 |
| 1 | 0 | 1 | CAMP-099 | Tarp Clamps Plastic Heavy Duty 3.25"<br>Package of 12 Adjust to Various Material<br>Thickness | 5.97 | -- | 5.97 |
| 1 | 0 | -- | SIGNATURE | Do NOT Use. Outdated. FedEx Signature<br>Required for Package<br>Do NOT Use. Outdated. FedEx Signature<br>Required for Package | 0.00 | -- | 0.00 |

MERCHANDISE INVOICE TOTAL $   1074.27
SHIPPING & HANDLING $   45.09
STATE SALES TAX $   92.35
INVOICE TOTAL $   1211.71
WEB CARD: VS, APPR:044223 $   -1211.71

# Exhibit G:
# DHS Report of Investigation 003

REQUESTED BY:  REVORD, CHRISTOPHER J

OFFICIAL USE ONLY -- TECS II INFORMATION -- OFFICIAL USE ONLY

050615                    TECS II - LIST OF RELATED RECORDS                    PAGE   1
                                                                              TN007005

OFFICIAL USE ONLY -- TECS II INFORMATION -- OFFICIAL USE ONLY

REQUESTED BY:  REVORD, CHRISTOPHER J

O F F I C I A L   U S E   O N L Y

| DEPARTMENT OF HOMELAND SECURITY<br>ICE<br><br>R E P O R T   O F   I N V E S T I G A T I O N | TECS ACCESS CODE 3 |
|---|---|
| | PAGE    1 |
| | CASE NUMBER |

TITLE: CLAYTON BROTHER ET AL

CASE STATUS:     INTERIM RPT

| REPORT DATE<br>051815 | DATE ASSIGNED<br>033115 | PROGRAM CODE<br>YD0 | REPORT NO.<br>003 |
|---|---|---|---|

RELATED CASE NUMBERS:

COLLATERAL REQ:

TYPE OF REPORT:
INVESTIGATIVE FINDINGS
/   MEMO OF INTERVIEW

TOPIC: INTERVIEW OF CLAYTON BROTHERS

SYNOPSIS:
Homeland Security Investigations (HSI), Border Enforcement Security Task Force
(BEST) Massena, New York has received information from the New York State
Police (NYSP) Bureau of Criminal Investigations (BCI) that Clayton BROTHERS is
a convicted felon in possession of several firearms, body armor and
ammunition.  This case has been accepted for federal prosecution by the
Northern District of New York (NDNY).

This report details the interview of Clayton BROTHERS at Camphill Pennsylvania
State Correctional Institute.

| DISTRIBUTION:<br>RACMZ SACBU HQTK | SIGNATURE:<br>REVORD        CHRISTOPHE J   SPECIAL AGENT |
|---|---|
| | APPROVED:<br>WAUGAMAN        JACK        G   OI GRP SUPERVISOR |
| | ORIGIN OFFICE: MZ<br>MASSENA, NY - RAC | TELEPHONE: 315 769 3739 |
| | | TYPIST: REVORD |

O F F I C I A L   U S E   O N L Y

THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY
OF THE DEPARTMENT OF HOMELAND SECURITY, ICE. ANY FURTHER REQUEST FOR
DISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED
TO ICE HEADQUARTERS TOGETHER WITH A COPY OF THE DOCUMENT.

O F F I C I A L   U S E   O N L Y

| DEPARTMENT OF HOMELAND SECURITY<br>ICE<br><br>R E P O R T   O F   I N V E S T I G A T I O N<br>C O N T I N U A T I O N | PAGE    2 |
|---|---|
| | CASE NUMBER |
| | REPORT NUMBER: 003 |

CASE PROGRAM CODES:

YD0 CRIMINAL, ALL OTHER    J7B MASSENA RES OPS        L6W BEST MASSENA
6IE BEST                   TFO HSI TASKFORCE OFFICE

O F F I C I A L   U S E   O N L Y
THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY
OF THE DEPARTMENT OF HOMELAND SECURITY, ICE. ANY FURTHER REQUEST FOR
DISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED
TO ICE HEADQUARTERS TOGETHER WITH A COPY OF THE DOCUMENT.

O F F I C I A L   U S E   O N L Y

| DEPARTMENT OF HOMELAND SECURITY ICE | PAGE    3 |
|---|---|
| R E P O R T   O F   I N V E S T I G A T I O N C O N T I N U A T I O N | CASE NUMBER |
| | REPORT NUMBER: 003 |

Details of Investigation

On May 12, 2015, agents from BEST Massena interviewed Clayton BROTHERS at Camphill Pennsylvania State Correctional Institute. BROTHERS is a current inmate serving time for a parole violation.

At approximately 1345 hours agents introduced themselves to BROTHERS and informed him of pending criminal charges against him as it relates to 18 USC 922(g), to wit: Felon In Possession of a Firearm. Agents presented photographs of firearms, ammunition and body armor seized from BROTHERS' residence in Russell, NY. Agents also presented receipts showing BORTHERS as the purchaser of thousands of rounds of .223 caliber ammunition, optics and accessories for assault style rifles from Cheaperthandirt.com.

BROTHERS looked at the photographs and receipts and spontaneously uttered "They are not all Mine." Agents told BROTHERS they could continue talking but would have to advise him of his rights before they spoke any further utilizing a Department of Homeland Security Statement of Rights form. BROTHERS responded by telling agents "There is a reasonable explanation and I want to talk to an attorney".

Agents provided BROTHERS with their contact information and told him he could contact them once he had an attorney to represent him in this case.

Before the BEST Massena Agents departed the interview room BROTHERS wanted to know why he was facing the felon in possession charges.  It was explained to BROTHERS that items he purchased from cheaperthandirt.com were found attached to weapons seized from his residence in Russell, NY.  Agents went on to show BROTHERS a photograph of the Sig Sauer pistol seized from his house with an attached optic sight cataloged as an item purchased by him from cheaperthandirt.com. BROTHERS looked at both the photograph and the receipt and said "I don't think that's right".

The interview ended at approximately 1355 hours.

The investigation continues.

O F F I C I A L   U S E   O N L Y
THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY OF THE DEPARTMENT OF HOMELAND SECURITY, ICE. ANY FURTHER REQUEST FOR DISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED TO ICE HEADQUARTERS TOGETHER WITH A COPY OF THE DOCUMENT.

# Exhibit H:
# Notice of Seizure



257 West Service Road
Champlain, NY 12919



**U.S. Customs and Border Protection**

## NOTICE OF SEIZURE AND INFORMATION TO CLAIMANTS
## CAFRA FORM

June 16, 2015

CERTIFIED - RETURN RECEIPT REQUESTED – 7015 0640 0000 2211 2531

Clayton Brother /Inmate # DC8281
P.O. Box 200
Camp Hill Correctional Facility
Camp Hill, PA 17001

**Re: Case Number 2015070400005501**

Dear Sir:

This is to notify you that U.S. Immigration and Customs Enforcement (ICE) seized the property described below at or near Russell, NY April 30, 2015.

**Firearms, parts, and ammunition valued at $15,030.00**  (Inventory list attached.)

The property was seized and is subject to forfeiture under the provisions of 18 U.S.C. § 924(d) as being any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. § 922(g)(1), in that it is unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transport in interstate or foreign commerce.

The facts available to CBP indicate that you have an interest in the seized property. The purpose of this letter is to advise you of the options available to you concerning this seizure. Two important documents—an "Election of Proceedings" form and a "Seized Asset Claim" form--are enclosed with this letter. You must choose one of the options outlined below, indicate your choice on the "Election of Proceedings" form, and return it, and any other necessary documents, to CBP within the allotted time frame (see options below).

Your options are as follows:

1. **Petition:**  You may file a petition with this office within 30 days from the date of this letter in accordance with Title 19, United States Code (U.S.C.), Section 1618 and

(ATT 8-F: Revised November 2014)

Title 19, Code of Federal Regulations (C.F.R.), Sections 171.1 and 171.2 (19 C.F.R. §§ 171.1, 171.2), seeking the remission of the forfeiture. The petition does not need to be in any specific form, but it must describe the property involved, identify the date and place of the seizure, include all the facts and circumstances which you believe warrant relief from forfeiture and must include proof of your interest in or claim to the property. Examples of proof of interest include, but are not limited to, a car title, loan agreement, or documentation of the source of funds. If you choose this option, you must check **Box 1** on the "Election of Proceedings" form.

By completing Box 1 on the "Election of Proceedings" form, you are requesting administrative processing. You are requesting that CBP refrain from beginning forfeiture proceedings while your petition is pending or that CBP halt forfeiture proceedings if they have already commenced.

If you choose to file an administrative petition and are dissatisfied with the petition decision (initial petition or supplemental petition), you will have an additional 60 days from the date of the initial petition decision, or 60 days from the date of the supplemental petition decision, or such other time as specified by the Fines, Penalties and Forfeitures Officer to file a claim to the property requesting a referral to the U.S. Attorney. If you do not act within these time frames, the property may be administratively forfeited to the United States. You may also request a referral to the U.S. Attorney at any point prior to the issuance of a petition decision by filing a claim. *Please see section 4 of this letter for information on how to request judicial action.* If you take such action after filing a petition for relief, your pending petition will be withdrawn from consideration.

If you request a referral to the U. S. Attorney or if another person asserting an interest in the same property chooses a referral to the U. S. Attorney, the matter will be referred to the U.S. Attorney who will have the authority to file a forfeiture action against the property in federal court pursuant to Title 18, U.S.C., Section 983(a)(3) (19 U.S.C. § 983(a)(3)).

If upon receipt of your petition, the matter has already been referred to the U.S. Attorney's Office for the institution of judicial forfeiture proceedings, your petition will be forwarded to the U.S. Attorney's Office for consideration.

2. **Offer in Compromise:** At any time prior to forfeiture, you may file an offer in compromise in accordance with 19 U.S.C. § 1617 and 19 C.F.R. §§ 161.5, 171.31. The offer must specifically state that you are making it under the provisions of 19 U.S.C. § 1617. If you are offering money in settlement of the case, you must include payment (bank draft, cashier's check or certified check, drawn on a U.S. financial institution, and made payable to CBP) in the amount of your offer. CBP may only consider the amount of your offer and will return the full offer if it is rejected. *This option may serve to delay the case.* If you choose this option, you must check **Box 2** on the "Election of Proceedings" form.

If you choose to submit an offer in compromise and are dissatisfied with the offer decision, you will have an additional 30 days from the date of the offer decision to file a claim requesting a referral for judicial action. If you do not act within the additional 30 days, the property may be forfeited to the United States.

You may also request a referral for judicial action at any point prior to the issuance of the offer decision by fully completing the enclosed "Seized Asset Claim" form or by otherwise submitting a complete judicial claim consistent with the requirements under 18 U.S.C. § 983(a)(2)(C). If you take such action, your petition or offer will be considered to have been withdrawn.

If, upon receipt of your offer, the matter has already been referred to the U.S. Attorney's Office for the institution of judicial forfeiture proceedings, your offer will be forwarded to the U.S. Attorney's Office for consideration as an offer in settlement of the judicial action, as appropriate.

3. **Abandon:** You may abandon the property or state that you have no claim to or interest in it. If you choose this option, you should check **Box 3** on the "Election of Proceedings" form. The Government may proceed with forfeiture proceedings or address claims from other parties concerning the property, without further involving you.

4. **Court Action:** On or before **July 24, 2015**, you may request referral of this matter to the U.S. Attorney, who will have the authority to file a forfeiture action against the property in federal court pursuant to 18 U.S.C. § 983(a)(3). If you choose this option, you should check **Box 4** on the "Election of Proceedings" form, and fully complete the enclosed "Seized Asset Claim" form or otherwise submit a complete judicial claim as required by 18 U.S.C. § 983(a)(2)(C).

**Take No Action:** If you choose to do nothing, this office may initiate forfeiture action. The first notice will be posted on or about 35 days from the date of this letter.

For property appraised in excess of $5,000, CBP will post notice of seizure and intent to forfeit on the internet at www.forfeiture.gov for 30 consecutive days.
For property appraised at $5000 or less, CBP will post a notice of seizure and intent to forfeit in a conspicuous place accessible to the public at the customhouse or Border Patrol sector office (where appropriate) nearest the place of seizure as well as on the internet at www.forfeiture.gov for 30 consecutive days.

**Release on Payment:** If the seized merchandise is not, by law, prohibited from entry into the commerce of the United States, you may, within 30 days of this letter, submit an offer to pay the full appraised domestic value of the seized property accompanied by the full payment (bank draft, cashier's check or certified check, drawn on a U.S. financial institution, and made payable to CBP) or an irrevocable letter of credit in accordance with 19 U.S.C. § 1614 and 19 C.F.R. § 162.44.

(ATT 8-F: Revised November 2014)

If CBP accepts your offer to substitute release of the seized property on payment, the property will be immediately released, and the payment or letter of credit will be substituted for the seized property.  You may still submit a petition, offer in compromise, or request that the matter be referred to the U.S. Attorney's Office and you must check the appropriate box on the "Election of Proceedings" form. The decision letter on your offer will provide you with the time frames for those options.

If, upon receipt of your offer, the matter has already been referred to the U.S. Attorney's Office for the institution of judicial forfeiture proceedings, your offer will be forwarded to the U.S. Attorney for consideration.

**Holder of a Lien or Security Interest:**  If you are a holder of a lien or security interest and you do not file a request for court action (option 4 above), you may avail yourself of any of the other enumerated options.  No relief will be granted to you until after forfeiture, unless your petition, offer or request is accompanied by an agreement to hold the United States, its officers and employees harmless, and a release from the registered owner and/or person from whom the property was seized.

All accompanying documents must be in the English language or accompanied by an English language translation and submitted in duplicate.

No matter which box you check on the "Election of Proceedings" form, you should sign, date and return the form, along with any petition, offer in compromise, or request for judicial proceedings, if those documents are necessary to support the option you choose. *A "Seized Asset Claim" form should only be completed, signed, and returned if you make a claim and ask for the case to be referred for judicial forfeiture.*  Important:  If these forms are not enclosed with this letter, please promptly call the telephone number below. All correspondence should be addressed to U.S. Customs and Border Protection, FP&F Office, 237 West Service Road, Champlain, NY 12919.  If further information is required, contact Paralegal Specialist Teri Johnson at 315-268-7432.  All inquiries should reference the case number.

Sincerely,

Cynthia A. Decosse
FP&F Officer

Enclosures:  Election of Proceedings – CAFRA Form
CAFRA Seized Asset Claim Form
Inventory List

A FALSE STATEMENT OR CLAIM MAY SUBJECT A PERSON TO PROSECUTION UNDER 18 U.S.C. § 1001 AND/OR 18 U.S.C. § 1621, AND MAY BE PUNISHABLE BY A FINE AND IMPRISONMENT

(ATT 8-F: Revised November 2014)

Case Number 2015070400005501
Inventory List

| Line Item | Description | Quantity | Appraised Value |
|---|---|---|---|
| 001 | Colt Law Enforcement Carbine | 1 | $1,899.00 |
| 002 | DPMS Carbine | 1 | $1,595.00 |
| 003 | SIG Sauer Pistol | 1 | $1,799.00 |
| 004 | Thompson Center Arms Muzzle Loader | 1 | $560.00 |
| 005 | Savage Arms .22 Rifle | 1 | $419.00 |
| 006 | Remington Model 742 30-06 | 1 | $429.00 |
| 007 | Nikon Buckmaster Rifle Scope | 1 | $149.00 |
| 008 | PAM30 Scope | 1 | $149.00 |
| 009 | Sight Mark Laser Sight | 1 | $89.00 |
| 010 | Sight Mark Red Dot W/Laser | 1 | $149.00 |
| 011 | Camouflage Body Armor | 1 | $2,047.00 |
| 012 | Bushnell Scope | 1 | $175.00 |
| 013 | .223 Caliber Rounds | 3543 | $5.314.00 |
| 014 | 30-06 Caliber Rounds | 15 | $15.00 |
| 015 | PMAG 30 Round Capacity .223 Magazines | 10 | $100.00 |
| 016 | 30 Round Capacity .223 Caliber Magazines | 4 | $40.00 |
| 017 | SIG Sauer 30 Round Capacity .223 Caliber Mag | 2 | $82.00 |
| 018 | Colt 20 Round Capacity .223 Caliber Magazine | 1 | $20.00 |
| | | | $15,030.00 |

## ELECTION OF PROCEEDINGS - CAFRA FORM

NOTE: READ THE ATTACHED NOTICE OF SEIZURE AND INFORMATION FOR CLAIMANTS BEFORE YOU FILL OUT THIS FORM. <u>THIS FORM SHOULD BE COMPLETED AND RETURNED TO U.S. CUSTOMS AND BORDER PROTECTION (CBP) at 237 West Service Road, Champlain, NY 12919.</u>

I understand that property in which I have an interest has been seized by CBP/U.S. Immigration and Customs Enforcement (ICE) under case number **2015070400005501**.

Check ONLY ONE (1) of the following choices:

☐ **1.  I REQUEST THAT CBP CONSIDER MY <u>PETITION</u> ADMINISTRATIVELY BEFORE FORFEITURE PROCEEDINGS ARE INITIATED.** My petition is attached.  By making this request, I understand that I can request, in writing, that my case be referred for judicial forfeiture proceedings at any time prior to the completion of the administrative forfeiture proceedings or as set forth in the notice of seizure.  If I choose to wait for an administrative decision on my petition, my deadline for filing a claim as required by 18 U.S.C. § 983(a)(2)(B) is 60 days from the date of the petition decision; or, if I choose to file a supplemental petition, my deadline for filing a claim as required by 18 U.S.C. § 983(a)(2)(B) is 60 days from the date of the supplemental petition decision.  If I file a complete "Seized Asset Claim" form or other claim consistent with the requirements of 18 U.S.C. § 983(a)(2)(C), CBP consideration of my petition will stop and the case will be sent to the United States Attorney's Office for judicial forfeiture proceedings.

☐ **2.  I REQUEST THAT CBP CONSIDER MY <u>OFFER IN COMPROMISE</u> ADMINISTRATIVELY BEFORE FORFEITURE PROCEEDINGS ARE INITIATED.** My offer is attached.  By making this request, I understand that I can request, in writing, that my case be referred for judicial forfeiture proceedings at any time prior to the completion of the administrative forfeiture proceedings or as set forth in the notice of seizure.  If I choose to wait for an administrative decision on my offer, my deadline for filing a claim is 30 days from the date of the decision.  If I file a complete "Seized Asset Claim" form or other claim consistent with the requirements of 18 U.S.C. § 983(a)(2)(C), CBP consideration of my offer will stop and the case will be sent for judicial forfeiture proceedings.

☐ **3.  I <u>ABANDON</u> ANY CLAIM OR INTEREST I MAY HAVE IN THE PROPERTY.** I understand that no additional notice about future proceedings concerning the property will be provided to me.

☐ **4.  I AM FILING A CLAIM AND REQUESTING THAT CBP REFER THE CASE FOR <u>COURT ACTION</u>.** Please send the case to the U.S. Attorney for court action.  I have fully completed, signed and attached a "Seized Asset Claim" form.  I understand that if I have not fully completed this form, or otherwise made a proper claim and request for judicial forfeiture pursuant to 18 U.S.C. § 983(a)(2)(C) within 35 days after the date the notice of seizure was mailed, CBP will treat any submission as a petition for relief without the ability to seek future judicial forfeiture proceedings.

_____          _____
Name (Print)                               Date


_____
Signature

(ATT 8-G: Revised November 2014)

## U.S. CUSTOMS AND BORDER PROTECTION
## CAFRA SEIZED ASSET CLAIM FORM

Name: _____     Case Number: _2015070400005501___

Address: _____     Telephone No: (____)_____

_____

_____

**IMPORTANT:  BE SURE TO COMPLETE ALL PARTS BELOW.
THIS CLAIM FORM MUST BE SIGNED BY THE CLAIMANT HIS OR HER
SELF, NOT BY THE ATTORNEY OR OTHER REPRESENTATIVE ACTING
ON BEHALF OF THE CLAIMANT.**

As authorized by 18 U.S.C. § 983(a)(2)(A), I request that the Government file a
complaint for forfeiture on the seized property described below:

**PART I**

List all the items in which you claim an interest.  Include sufficient information to
identify the items, such as serial numbers, make and model numbers, aircraft tail
numbers, photographs, and so forth.  Attach additional sheets of paper if more space is
needed.

**PART II**

State your interest in each item of property listed above. Attach additional sheets of paper
if more space is needed.

**PART III (ATTESTATION AND OATH)**

I attest and declare *under penalty of perjury* that the information provided in support of
my claim is true and correct to the best of my knowledge and belief.

_____               _____
Name (Print)                                                      Date

_____
Signature

A FALSE STATEMENT OR CLAIM MAY SUBJECT A PERSON TO
PROSECUTION UNDER 18 U.S.C. § 1001 AND/OR 1621 AND IS PUNISHABLE BY
A FINE AND UP TO FIVE YEARS IMPRISONMENT.

(ATT 8-H: Revised November 2014)

Brothers' Response to Notice was
due by COB July 24, 2015

Therefore, claim received
on July 27, 2015 was
untimely. (Too late.) and
was incomplete.
Claim will not be forwarded.
FP&F will treat the
submission as a
petition.

FOREVER
USA

ALBANY NY 120
24 JUL 2015 PM 3 L

RECEIVED
JUL 27 2015
CBP
CHAMPLAIN, NY

U.S. CUSTOMS AND BORDER PROTECTION
237 WEST SERVICE ROAD
CHAMPLAIN, NY 12919

12919447899

Clayton Brothers - A12
MONTGOMERY CO. CORRECTIONAL FACILITY
P.O. BOX 432
FULTONVILLE, NY 12072

RECEIVED
JUL 28 2015
CBP-FP&F
CHAMPLAIN, NY

LEGAL MAIL    7-22-15

CASE # 201507040000S 501

RECEIVED

JUL 28 2015

CBP-FP&F
CHAMPLAIN, NY

I, CLAYTON BROTHERS, BY SPECIAL APPEARANCE, AM SEEKING LEGAL COUNCIL IN THE ABOVE CASE. I CANNOT AFFORD COUNCIL SO I WOULD ASK THAT THE GOVERNMENT PROVIDE COUNSEL FOR ME.

RECEIVED

JUL 28 2015

CBP-FP&F
CHAMPLAIN, NY

## ELECTION OF PROCEEDINGS - CAFRA FORM

NOTE: READ THE ATTACHED NOTICE OF SEIZURE AND INFORMATION FOR CLAIMANTS BEFORE YOU FILL OUT THIS FORM. <u>THIS FORM SHOULD BE COMPLETED AND RETURNED TO U.S. CUSTOMS AND BORDER PROTECTION (CBP) at 237 West Service Road, Champlain, NY 12919.</u>

I understand that property in which I have an interest has been seized by CBP/U.S. Immigration and Customs Enforcement (ICE) under case number **2015070400005501**.

Check ONLY ONE (1) of the following choices:

1. **I REQUEST THAT CBP CONSIDER MY <u>PETITION</u> ADMINISTRATIVELY BEFORE FORFEITURE PROCEEDINGS ARE INITIATED.** My petition is attached. By making this request, I understand that I can request, in writing, that my case be referred for judicial forfeiture proceedings at any time prior to the completion of the administrative forfeiture proceedings or as set forth in the notice of seizure. If I choose to wait for an administrative decision on my petition, my deadline for filing a claim as required by 18 U.S.C. § 983(a)(2)(B) is 60 days from the date of the petition decision; or, if I choose to file a supplemental petition, my deadline for filing a claim as required by 18 U.S.C. § 983(a)(2)(B) is 60 days from the date of the supplemental petition decision. If I file a complete "Seized Asset Claim" form or other claim consistent with the requirements of 18 U.S.C. § 983(a)(2)(C), CBP consideration of my petition will stop and the case will be sent to the United States Attorney's Office for judicial forfeiture proceedings.

2. **I REQUEST THAT CBP CONSIDER MY <u>OFFER IN COMPROMISE</u> ADMINISTRATIVELY BEFORE FORFEITURE PROCEEDINGS ARE INITIATED.** My offer is attached. By making this request, I understand that I can request, in writing, that my case be referred for judicial forfeiture proceedings at any time prior to the completion of the administrative forfeiture proceedings or as set forth in the notice of seizure. If I choose to wait for an administrative decision on my offer, my deadline for filing a claim is 30 days from the date of the decision. If I file a complete "Seized Asset Claim" form or other claim consistent with the requirements of 18 U.S.C. § 983(a)(2)(C), CBP consideration of my offer will stop and the case will be sent for judicial forfeiture proceedings.

3. **I <u>ABANDON</u> ANY CLAIM OR INTEREST I MAY HAVE IN THE PROPERTY.** I understand that no additional notice about future proceedings concerning the property will be provided to me.

4. **I AM FILING A CLAIM AND REQUESTING THAT CBP REFER THE CASE FOR <u>COURT ACTION</u>.** Please send the case to the U.S. Attorney for court action. I have fully completed, signed and attached a "Seized Asset Claim" form. I understand that if I have not fully completed this form, or otherwise made a proper claim and request for judicial forfeiture pursuant to 18 U.S.C. § 983(a)(2)(C) within 35 days after the date the notice of seizure was mailed, CBP will treat any submission as a petition for relief without the ability to seek future judicial forfeiture proceedings.

Clayton Brothers                7-22-15
Name (Print)                    Date

Clayton Brothers
Signature

(ATT 8-G: Revised November 2014)

RECEIVED

JUL 28 2015

## U.S. CUSTOMS AND BORDER PROTECTION
## CAFRA SEIZED ASSET CLAIM FORM

CBP-FP&F
CHAMPLAIN, NY

Name: Clayton Brothers – A12       Case Number: 2015070400005501

Address: Montgomery Co. Correctional Fac.   Telephone No: (   )

P.O. Box 432

Fultonville, NY 12072

**IMPORTANT:  BE SURE TO COMPLETE ALL PARTS BELOW.**
**THIS CLAIM FORM MUST BE SIGNED BY THE CLAIMANT HIS OR HER**
**SELF, NOT BY THE ATTORNEY OR OTHER REPRESENTATIVE ACTING**
**ON BEHALF OF THE CLAIMANT.**

As authorized by 18 U.S.C. § 983(a)(2)(A), I request that the Government file a
complaint for forfeiture on the seized property described below:

### PART I

List all the items in which you claim an interest.  Include sufficient information to
identify the items, such as serial numbers, make and model numbers, aircraft tail
numbers, photographs, and so forth.  Attach additional sheets of paper if more space is
needed.

### PART II

State your interest in each item of property listed above. Attach additional sheets of paper
if more space is needed.

### PART III (ATTESTATION AND OATH)

I attest and declare *under penalty of perjury* that the information provided in support of
my claim is true and correct to the best of my knowledge and belief.

_____          7-22-15
Name (Print)                              Date

Clayton Brothers
Signature

A FALSE STATEMENT OR CLAIM MAY SUBJECT A PERSON TO
PROSECUTION UNDER 18 U.S.C. § 1001 AND/OR 1621 AND IS PUNISHABLE BY
A FINE AND UP TO FIVE YEARS IMPRISONMENT.

(ATT 8-H: Revised November 2014)

**At a Term of the County Court held in and for
the County of St. Lawrence at the Courthouse
thereof in the Village of Canton, New York, this
30th day of October, 20 15**

PRESENT: HON. JEROME J. RICHARDS, COUNTY JUDGE

Index # 22793

Indictment/S.C.I. # 2015-129

THE PEOPLE OF THE STATE OF NEW YORK

# RELEASE ORDER

- against -

Stephen M. Howells, II

**Defendant**

Charge(s):

Kidnapping 2°
PL-20.00 & 135.20
Class B felony
2 Counts

TO:  THE SHERIFF OF THE COUNTY OF ST. LAWRENCE

This is to certify that the above-named defendant, is hereby ORDERED released from the custody of the Sheriff of the County of St. Lawrence for the following reasons:

RELEASED ON HIS OWN RECOGNIZANCE ON
THESE CHARGES ONLY
ON CONDITION THAT THE DEFENDANT BE
CONFINED IN FEDERAL CUSTODY PURSUANT TO
SEPTEMBER 22, 2014 ORDER OF UNITED STATES
MAGISTRATE JUDGE THERESE WILEY DANCKS
UNDER CRIMINAL NO. 5:14-CR-340(GTS).

Dated: October 30th, 2015

2015 NOV -2  A 10:40

RECEIVED AT
ST. LAW. CO.
CLERKS OFC.

ENTER,

JEROME J. RICHARDS, COUNTY JUDGE

**At a Term of the County Court held in and for
the County of St. Lawrence at the Courthouse
thereof in the Village of Canton, New York, this
30ᵗʰ day of ___October___, 20 15**

PRESENT: HON. JEROME J. RICHARDS, COUNTY JUDGE

Index # 22793
Indictment/S.C.I. # 2015-129

THE PEOPLE OF THE STATE OF NEW YORK

## RELEASE ORDER

- against -

Stephen M. Howells, II

Defendant

Charge(s):
Kidnapping 2°
PL-20.00 & 135.20
Class B felony
2 Counts

TO:  THE SHERIFF OF THE COUNTY OF ST. LAWRENCE

This is to certify that the above-named defendant, is hereby ORDERED released from the
custody of the Sheriff of the County of St. Lawrence for the following reasons:

RELEASED ON HIS OWN RECOGNIZANCE ON
THESE CHARGES ONLY
ON CONDITION THAT THE DEFENDANT BE
CONFINED IN FEDERAL CUSTODY PURSUANT TO
SEPTEMBER 22, 2014 ORDER OF UNITED STATES
MAGISTRATE JUDGE THERESE WILEY DANCKS
UNDER CRIMINAL NO. 5:14-CR-340(GTS).

Dated: October 30ᵗʰ, 2015

RECEIVED AT
ST. LAW. CO.
CLERK'S OFC.
2015 NOV -2 A 10:01

ENTER,

Jerome J. Richards

JEROME J. RICHARDS, COUNTY JUDGE