UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

     -vs-                                          Criminal No. 5:15-CR-198 (BKS)

CLAYTON BROTHERS,

                         Defendant.
_____

BRENDA K. SANNES, U.S. DISTRICT JUDGE

## TRIAL ORDER

IT IS HEREBY ORDERED that the jury trial in this case shall begin on **February 10, 2016 at 9:30 a.m.** in Syracuse, New York before the Honorable Brenda K. Sannes; it is further

ORDERED that all counsel appear before the undersigned at a final pretrial conference on **February 3, 2016 at 12:00** p.m. at the James Hanley Federal Building, 3rd Floor Chambers, 100 South Clinton Street, Syracuse, New York; it is further

ORDERED that the pretrial submissions required by the Criminal Pretrial Order, including any motions *in limine*, must be filed on or before **January 20, 2016**, and all responses to motions *in limine* must be filed on or before **January 27, 2016.**  This order supersedes all deadlines previously set. All pretrial submissions shall include the following:

1.    *Giglio* material: The government shall tender to the defendant any *Giglio* material and testifying informant's convictions (See Criminal Pretrial Scheduling Order, Paragraph II(D)(1-2)).

2.    Witness Statements: The parties shall exchange, but not file,

materials and statements of all witnesses who will testify in the parties' respective cases-in-chief, if subject to Fed.R.Cr.P. Rule 26.3 and 18 U.S.C. §3500.  (See Criminal Pretrial Scheduling Order, Paragraph II(E)).

3.    Voir Dire: Counsel shall electronically file any proposed Voir Dire requests.  Each party shall submit a numbered list of questions which the court, in the exercise of its discretion, may use during jury selection, and counsel shall email a copy of any proposed Voir Dire questions in WordPerfect or Word format to Judge Sannes' Courtroom Deputy at Renata_Hohl@nynd.uscourts.gov.

4.    Court-Ordered Voir Dire: Counsel shall electronically file the Court-Ordered Voir Dire, a copy of which is attached hereto.

5.    Requests to Charge/Special Verdict Form: Counsel shall file electronically a request to charge and any proposed **Special** Verdict Form, and email a copy of same in WordPerfect or Word format to Judge Sannes' Courtroom Deputy at Renata_Hohl@nynd.uscourts.gov.  The requests to charge need only include instructions that are specific to the law or unusual issues in this case.  The Court has the usual boilerplate charges. **Each jury charge must contain (1) the legal citations to case law or pattern instructions supporting the proposed charge and (2) an explanation of how, if at all, the proposed charge differs from the case law or pattern instructions.**

6.    Trial Briefs: Counsel shall file electronically a trial brief, not to exceed twenty-five (25) pages in length, containing argument and citations on any and all disputed issues of law, citing the applicable rules of evidence and case law.  Trial briefs should also include any evidentiary issues that are expected to arise. If counsel determines there are no disputed issues of law or evidentiary issues, the parties are not required to file a trial brief.

7.    Stipulations of Fact: Counsel shall make every effort to enter into a stipulation of facts including stipulations as to the admissibility of evidence, limiting the matters which are required to be tried, as well as a list of all exhibits that can be stipulated into evidence or that will be offered without objection as to foundation.

8.    Witnesses:  Counsel shall file electronically a list of witnesses that may be called to testify at trial, other than solely for impeachment purposes, including the following information regarding each witness:

(a)     The name and address (city, state only) of each witness and a brief summary of the testimony to be offered by each witness; and the names of all expert witnesses and a brief description of their area of expertise.

(b)     The designation of those witnesses whose testimony is expected to be presented by means of a deposition (including video-taped deposition), specifically identifying the pertinent portions of the deposition testimony to be offered.

(c)     **The unavailability of any witness, expert, or otherwise, will not be grounds for a continuance.**  In order to avoid the possibility of going forward with the trial without the testimony of an unavailable witness, counsel, where appropriate, shall preserve same before the trial date by written or video-taped deposition for possible use at trial.

(d)     All witnesses are excluded from hearing the testimony of others at trial and/or reviewing a verbatim record of the testimony of others at trial, unless the witness's proponent demonstrates that one of the four exceptions to Fed. R. Evid. 615 exists.

9.     Exhibit List/Exhibits: Counsel shall electronically file an exhibit list **on the form prescribed by the Court, a copy of which is attached to this Order in landscape format with adequate spacing,** and email a copy of same in WordPerfect or Word format to Judge Sannes' Courtroom Deputy at Renata_Hohl@nynd.uscourts.gov .  Counsel should complete the exhibit number and exhibit description.  The remaining boxes shall be left blank for the Courtroom Deputy to complete during trial.  Upon request, the Courtroom Deputy can email the form exhibit list to counsel.

(a)     All documents and/or papers intended as exhibits or to be used during the course of trial, including but not limited to, documents, photographs, charts, diagrams, etc., shall be marked for identification in the manner prescribed below and must be assembled in **BINDERS** with each document properly marked at the lower right corner for identification purposes as directed below.  Counsel shall provide two **separate** binders with a complete set of exhibits, **the originals in a binder for the Clerk and a copy for the Court on the first day of trial**, and one binder to each opposing counsel.

The exhibits shall have been inspected by the opposing party and copied at their expense (unless waived), **NO LATER**

-3-

**THAN ONE WEEK PRIOR TO THE FINAL PRETRIAL CONFERENCE DATE.** The exhibit binders for the Clerk and the Court shall be presented to Judge Sannes' Courtroom Deputy at the beginning of the trial.

**NOTE**: **During the course of trial the Courtroom Deputy shall take charge of exhibits which are <u>received into evidence.</u>  At the conclusion of the trial, the Courtroom Deputy will immediately return all of the exhibits to the proper parties. It is the responsibility of the parties to maintain the exhibits and to produce the exhibits for any appeal. Videotaped deposition transcripts viewed at trial shall be filed with the Clerk's office and made a part of the record and counsel is responsible for providing an additional copy of the transcript to the Courtroom Deputy for filing.**

(b)  <u>Exhibit Markers</u>: Counsel shall fill in the appropriate markers leaving the "Date entered" and "Deputy Clerk" lines blank.  All exhibits shall be assigned numbers by using a prefix of "G" for Government and "D" for defendant.

Government's exhibits should be denoted as: G-l, G-2, G-3, etc.  Defendant's exhibits should be denoted as: D-l, D-2, D-3, etc. In cases involving multiple defendants, the exhibits shall be denoted with the initial of the last name of the defendant and its numerical identification number.

Stickers shall be affixed whenever possible to the lower right-hand corner of the exhibit.  If the exhibit marker is going to cover any information on the exhibit, then affix the marker to the reverse side of the exhibit.

10.  <u>Motions *In Limine*</u>: Counsel shall file electronically any motions *in limine* by **January 20, 2016**, citing the applicable rules of evidence and case law.  Counsel shall file any response to a Motion *In Limine* no later than **January 27, 2016.  <u>MOTIONS *IN LIMINE* MAY NOT OTHERWISE BE FILED WITHOUT LEAVE OF THE COURT.</u>**

11.  <u>Depositions</u>: All deposition transcripts and video-taped depositions to be used at trial shall be brought to court on the day of trial.  Not less than four weeks prior to the trial date, each party shall indicate to the opposing party the portion of the video deposition to be offered. To the extent possible, objections are to be resolved between the

parties. **One week before the Final Pretrial Conference**, counsel shall forward to the Judge's chambers any portions of a deposition transcript intended to be used in trial **that are in dispute** (including video-taped depositions) for ruling at the Final Pretrial Conference. **The parties must provide an edited version of any VHS tape or DVD to be shown to the jury at trial deleting any portions ruled inadmissible by the Court.** The Court does not have the capability to start and stop a video during trial to edit certain portions of the VHS tape or DVD. All deposition transcripts, including videotaped depositions, that are not in dispute shall be brought to Court on the first day of trial. Counsel shall provide the Court with an additional copy of the "redacted" transcript of all video deposition testimony which is put into evidence at trial and shall be made a part of the record for filing with the Clerk's office. **Counsel must confirm with the Court that the DVD format is compatible with the Courtroom equipment prior to the first day of trial.**

12.   **Courtroom Technology:** If the parties intend to utilize the courtroom equipment at the time of trial, counsel are directed to contact the Courtroom Deputy **prior** to the trial date to make arrangements for training and testing such equipment. Please keep in mind that the Court does not provide a person to run the equipment during trial. The courtroom is supplied with a VHS/DVD combination unit, visual evidence presenter, VGA connections for laptops (no internet), and interpreter/hearing impaired headsets. All non-proprietary DVD's (*i.e.*, .avi, .mp3, .mp4 and .wmv) should be compatible with the Court's DVD player, however, **prior** to the trial date, counsel must confirm such compatibility for use at the time of trial. If any portion of the DVD/VHS tape should be redacted, it is the responsibility of counsel to provide a redacted copy for use at trial. Counsel will be **required** to utilize the visual presenter to publish exhibits to the jury. The visual evidence presenter will allow counsel to display documents, photos, objects, x-rays, and electronic presentations on monitors placed throughout the courtroom and in the jury box with touch screen monitors at the podium and witness stand. Laptop connections are available at the podium and at all counsel tables (no internet). Please note that audio cables are not available and counsel should provide their own, if necessary. If you are presenting evidence through a Macintosh laptop, a video convertor/adaptor is required and must be supplied by counsel. In the event counsel's equipment is not compatible with the courtroom's equipment, the Court is not responsible for supplying additional electronic parts to remedy this. **One week prior to the trial date**, counsel may request that the Court reporter provide a live realtime transcript or an end of the day transcript. **There is a charge for these services and financial**

**arrangements should be made ahead of time with the court reporter**.  When requesting a live realtime transcript, the following is required: 1) litigation support hardware (i.e. LiveNote, Bridge, Caseview); hardware (i.e. if laptop does not have a serial port, a USB to serial adaptor is required).  Additional courtroom technology information may be obtained on the court's webpage: http://www.nynd.uscourts.gov/Courtroom_Technology.htm.

**IT IS SO ORDERED.**

Dated:          December 7, 2015
                    Syracuse, NY


_____
Brenda K. Sannes
U.S. District Judge

**COURT ORDERED VOIR DIRE**
(to be used by the Judge at trial)


**CASE TITLE:**

**CRIMINAL ACTION NO.:**

**DISTRICT JUDGE:**

<u>ATTACHMENT # 1</u>

Each attorney is required to submit the following information on behalf of his/her client for use by the Court during Voir Dire and must be filed with the Court seven (7) days in advance of the scheduled final pretrial conference.

NAMES AND ADDRESSES OF ALL DEFENDANTS ON TRIAL;  DEFENSE COUNSEL'S FIRM NAME, ADDRESS AND THE NAME OF ANY PARTNER OR ASSOCIATE WHO MAY BE AT COUNSEL TABLE DURING THE COURSE OF THE TRIAL.

(use additional page if necessary)

U.S. ATTORNEY'S NAME AND OFFICE ADDRESS; NAMES AND BUSINESS ADDRESS OF ANY CASE AGENT OR OTHER GOVERNMENT REPRESENTATIVE WHO WILL SIT AT COUNSEL TABLE.

(use additional page if necessary)

SET FORTH THE DATE OF EACH ALLEGED CRIMINAL OFFENSE, THE PLACE OF THE OFFENSE AND A BRIEF STATEMENT OF THE EVENTS CENTRAL TO THE CHARGES OF EACH COUNT IN THE INDICTMENT.

(use additional page if necessary)

SET FORTH THE NAMES AND ADDRESSES OF ALL LAY WITNESSES TO BE CALLED.

(use additional page if necessary)

SET FORTH THE NAMES AND ADDRESSES OF ALL EXPERT WITNESSES TO BE CALLED GIVING A BRIEF DESCRIPTION OF THEIR AREAS OF EXPERTISE.

(use additional page if necessary)

SET FORTH A BRIEF DESCRIPTION OF EACH AND EVERY COUNT IN THE INDICTMENT.

(use additional page if necessary)

SET FORTH A BRIEF DESCRIPTION OF EACH AND EVERY AFFIRMATIVE DEFENSE ASSERTED.

(use additional page if necessary)

— — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — —

PLEASE TAKE NOTICE that any delay in jury selection occasioned by the failure to provide this information will be explained to the jury as to the extent of the delay and the attorney causing same and if the delay causes a one (1) day or more postponement of this trial, appropriate monetary sanctions may be imposed by the Court.

Date: _____          _____
                                     (Signature of Attorney)
                                     Bar Roll #

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>GOVERNMENT EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>DEFENDANT EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK |
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>GOVERNMENT EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>DEFENDANT EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK |
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>GOVERNMENT EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>DEFENDANT EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK |
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>GOVERNMENT EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>DEFENDANT EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK |

Page 1 of ___

United States District Court
For The Northern District Of New York

Case No. _____

Date: _____

Presiding Judge: _____

( ) Government                    ( ) Defendant                    ( ) Court

| Exhibit No. | Marked for Identification | Admitted Into Evidence | Remarks | Witness | Exhibit Description |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Exhibits Returned To Counsel (Date):_____ Signature:_____

| Exhibit No. | Marked for Identification | Admitted Into Evidence | Remarks | Witness | Exhibit Description |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Exhibits Returned To Counsel (Date):_____ Signature:_____