IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | Criminal No.   5:15-CR-198 (BKS) |
| ) | |
| v.    ) | **STIPULATION AND ORDER** |
| ) | **FOR CONTINUANCE** |
| **CLAYTON BROTHERS,**   ) | |
| ) | |
| ) | |
| **Defendant.**   ) | |

Daniel DeMaria, Esq., the attorney for CLAYTON BROTHERS having moved for an additional continuance of 55 days within which the parties may complete discovery, file motions and prepare for trial in the above-captioned action and Richard S. Hartunian, United States Attorney for the Northern District of New York Douglas Collyer, Assistant U.S. Attorney, appearing, having consented to the continuance and proposed the exclusion of the additional 55 day period of continuance under the Speedy Trial Act, the parties hereby stipulate and agree as follows:

1) The prior proceedings in this case occurred as follows:

    a) Date of initial appearance or arraignment: July 22, 2015

    b) Date of indictment: July 15, 2015

    c) Defendant custody status: Detained.

        i) Date United States moved for detention: July 22, 2015

        ii) Date of detention hearing: timing waived

        iii) Date detention decision issued: July 22, 2015

    d) The Court previously ordered the following exclusions under the Speedy Trial Act:

        i)        Order dated August 12, 2015, excluded the period between September 21, 2015 and November 20, 2015.

        ii)       Order dated October 6, 2015, excluded the period between October 5, 2015 and November 30, 2015.

        iii)      Order dated December 7, 2015, excluded the period between December 2, 2015 and February 10, 2016.

2)      CLAYTON BROTHERS has requested the additional continuance based on the following facts and circumstances:

        a)       The defendant is charged with five counts of Possession of a Firearm/Ammunition by a Prohibited Person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Court has conducted a suppression hearing and is awaiting final written submissions from counsel prior to rendering a decision on defendant's motions to suppress. Additionally, defense has requested an adjournment of the trial due to a scheduling conflict and the government is amenable. This additional continuance will allow the parties additional time to complete trial preparation based upon the Court's pending decision and order.

3)      The parties stipulate and agree that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendants in a speedy trial because the continuance will allow the parties time to complete trial preparation based upon the Court's pending decision and order.

4)      The parties stipulate and agree that a period of 55 days beginning on and including February 10, 2016 shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv).

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: January 20, 2016

RICHARD S. HARTUNIAN
United States Attorney

By: *[signature]*
Douglas G. Collyer
Assistant United States Attorney
Bar Roll No. 519096

*[signature]*
Daniel DeMaria, Esq.
Attorney for CLAYTON BROTHERS
Bar Roll No. 518452

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   5:15-CR-198 (BKS) |
| | ) | |
| v. | ) | |
| | ) | |
| **CLAYTON BROTHERS,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

ORDER

A.	The Court incorporates into this Order the stipulated facts set forth above and hereby adopts them as findings.

B.	The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether a continuance serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights.  The Court finds that pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial because this delay is necessary in order to allow the parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence and because failing to grant the continuance would unreasonably deny defendant continuity of counsel.

BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS IT IS HEREBY ORDERED:

A.	A period of 55 days, beginning on and including February 10, 2016 shall be excludable in computing time under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv) in order to give the parties the reasonable time necessary for effective preparation and to allow for continuity of counsel for defendant.

B.	The trial in this matter shall begin on April 4, 2016 before United States District Judge Brenda K. Sannes in Syracuse, New York or, in the alternative, a change of plea shall be entered on or before March 30, 2016.

IT IS SO ORDERED.

Dated and entered this __22nd__ day of January, 2016.

Hon. Brenda K. Sannes
United States District Judge