

United States Department of Justice

United States Attorney
Northern District of New York

*Gateway Building*  *Tel.: (518) 314-7800*
*14 Durkee Street, Suite 340*  *Fax: (518) 314-7811*
*Plattsburgh, New York 12901-2998*

January 29, 2016

**VIA CM/ECF**

Hon. Brenda K. Sannes
U.S. District Judge
Northern District of New York
Federal Building and U.S. Courthouse
P.O. Box 7255
Syracuse, NY 13261

    Re: *United States v. Clayton Brothers*
    5:15-CR-198 (BKS)

Dear Judge Sannes:

I am in receipt of counsel's letter dated January 26, 2016, requesting the court reopen the suppression hearing conducted on November 30, 2015 to consider additional documents now submitted by defense. A district court has discretion to reopen a suppression hearing to consider new evidence even after it has granted suppression. In re Terrorist Bombings of U.S. Embassies in East Africa, 552 F.3d 177, 196 (2d Cir. 2008). The United States opposes the request for the reasons outlined below. As with the defense's letter, the government will address each document in turn.

*Parole Violation Report*
Defense now argues that the parole violation report be considered because it's critical to whether Jamie Brothers consented to the search. The Court has the testimony of Agent Revord that through his investigation and interviews, Jamie Brothers was aware that John Parker was going to search the residence on April 28 and consented. (Direct of Revord, page 74, lines 11-17; page 76, lines 5-11).

Specifically, defense draws the Court's attention to a written deposition by John Parker which says that he called Officer Lawrence about the guns, but Officer Lawrence testified he received a call from Jamie Brothers about the guns. The prior statement that's alleged to be inconsistent with Officer Lawrence's testimony was made by a different, non-witness (Parker). Even when

the same witness is alleged to have given inconsistent testimony at a suppression hearing and trial, it is not grounds to reopen a suppression hearing. United States v. Oquendo, 192 Fed.Appx 77 (2d Cir. 2006). The Court has the testimony of Officer Lawrence before it. (Cross of Lawrence, Page 50, lines 8-15).

Defense also argues that this supports an "attenuated parole search" because Parole already had grounds to violate the defendant on April 24, 2014 and waited until April 28, 2014 to search the computers. As discussed in detail at the hearing, Parole Officer Lawrence does not violate parolees, but instead supervisors file warrants and violations. (Cross of Lawrence, Page 36, line 17 through page 39, line 8).

Additionally, in the case of interstate transfers such as this one, the home state- in this case Pennsylvania- determines whether to violate; as Officer Lawrence testified, "We're bound by what they want to do." (Cross of Lawrence, Page 38, lines 8-9). Officer Lawrence even testified to an example: "We've had sex offenders that were interstate cases and they've committed other sex offenses and they weren't violated because the other state did not want to take them back, therefore, there was no violation." (Cross of Lawrence, Page 38, lines 4-8). To the point, the defendant was prosecuted and jailed in Pennsylvania, not New York, for his parole violation.

Further, Officer Lawrence had a duty to continue to investigate any further possible violations of parole such as possession of contraband related to the sex abuse allegations. Officer Lawrence testified "I'm still continuing my investigation into technical violations he may have committed because in the event that the other charges, the local charges are unsubstantiated, I still have to have some reason in the event I'm going to have a warrant or see if he can be violated, if he has stuff on his computer that he shouldn't have, if that's illegal…" (Cross of Lawrence, Page 36, line 21 to Page 37, line 2).

Therefore, there was no impropriety in the search on April 28 or 29, 2014 and the report adds nothing to testimony already taken during the hearing.

*New York State Incident Report and Traffic Ticket*
Defense argues that the New York State Incident Report should be considered because there's a note that Lawrence stated he could violate the defendant for a Vehicle and Traffic ticket received on April 10, 2014. Defense had this document in advance of the hearing and had an opportunity to cross-examine Officer Lawrence on this prior statement at the hearing. Additionally, Officer Lawrence's ability to violate an interstate parolee is discussed above and was testified to at the hearing.

*Telephone Records*
Defense asserts that telephone records show the State Police and Parole contacted the Brothers' home on the morning April 28, 2014 and that this contact supports the argument that John Parker was acting as an agent of the police. This is baseless speculation.

As established at the hearing, April 28, 2014 was the date Parole and HSI visited the home to preview the computers and when Parole Officer Lawrence asked the family to keep their eyes open for anything suspicious. As established at the hearing, Parker's search occurred later and

Parole was advised that Parker had found guns that night.  These phone records lend nothing to the assertion that Parker was an agent of the police.  It's equally as likely that the phone calls were to advise the family that Parole would be coming that day since the phone calls occurred in the morning of April 28, 2014 and Officer Lawrence and HSI arrived at 12:30 pm to look at the computers (Lawrence cross, page 40, lines 11-14).

For the foregoing reasons, the United States opposes defense's motion reopen the suppression hearing to consider the documents.  In the alternative, if the Court does reopen the hearing to consider the documents, the United States respectfully submits the motion for suppression should nonetheless be denied.  Thank you for your consideration in this matter.

Sincerely,

Richard S. Hartunian
United States Attorney

By:*/s/ Douglas G. Collyer*
Douglas G. Collyer
Assistant U.S. Attorney