

NEW YORK · VANCOUVER · CALGARY · EDMONTON · REGINA · WINNIPEG· TORONTO · MONTREAL

March 24th, 2016

Hon. Brenda K. Sannes
United States District Court
Northern District of New York
James M. Hanley Federal Building
100 S. Clinton St.
Syracuse, NY 13261

    Re:    United States v. Clayton Brothers
             15-CR-198 (BKS)

## THIRD MOTION IN LIMINE

Dear Judge Sannes:

I write to respectfully request an order to exclude: (i) use of Mr. Brothers' prior criminal record pursuant to FRE 609; (ii) any mention that Mr. Brothers was on parole at the time of his arrest pursuant to FRE 403; and (iii) any mention that Mr. Brothers' interview with Agent Revord and Investigator Peter Krangel took place at a correctional facility pursuant to FRE 403.

    **A. FRE 609(b) Prohibits the Government's Use of Mr. Brothers' 1996 Robbery Conviction Because it is Over Ten Years Old.**

This Court should preclude the admission of Mr. Brothers' 1996 conviction for robbery should he choose to testify at trial.[1] FRE 609(b) provides that evidence of a conviction is not admissible if a period of more than ten years elapsed since the date of conviction or release from confinement, unless the court determines that the probative value of the conviction substantially outweighs its prejudicial effect on the defendant. "Generally, courts have held that FRE 609(b) 'made it crystalline that the District Court was only to depart from the prohibition against the use for impeachment purposes of convictions more than ten years old very rarely and only in exceptional circumstances.'" Grammenos v. Allstate Ins. Co., 2009 WL 1186130 (E.D. Pa. April 30, 2009).

Mr. Brothers' conviction for robbery occurred in 1996. He was released from confinement on August 26th, 2001. *See* **Exhibit "A"** *attached.* Thus, his conviction is more than ten years old. Additionally, this conviction does not qualify as *crimen falsi*, and therefore lacks the probative value necessary to substantially outweigh the prejudicial effect it would have on Mr. Brothers. *See* United States v. Johnson, 388F.3d 96 (3d. Cir 2004) (noting that the government conceded that the district court erred in allowing it to impeach the defendant as to his prior theft conviction as a crime involving dishonesty or false statement.

---

[1] The Government's Pre-Trial Memorandum makes reference to a 2010 conviction for "Criminal Sale Fifth Degree." (Doc. 63, page 11). This was an error. The parties have discussed the matter and agree that Mr. Brothers only has one prior conviction which took place in 1996 for Robbery.

The following cases support Mr. Brothers' assertion that his 1996 robbery conviction does not qualify as *crimen falsi*. In United States v. Brackeen, 969 F.2d 827 (9th Cir. 1992), the court held that bank robbery is not *per se* a crime of dishonesty within the meaning of FRE 609. The court explained that the term "'dishonesty' has more than one meaning. In its everyday use, dishonesty refers to a "breach of trust, a 'lack of ... probity or integrity in principle,' 'lack of fairness,' or a 'disposition to… betray.'" Brackeen at 829. "In its narrower meaning, however, 'dishonesty' is defined as deceitful behavior, a 'disposition to defraud... [or] deceive,', or a 'disposition to lie, cheat, or defraud,' Black's Law Dictionary 421 (5th ed. 1979)". Brackeen at 829.

In United States v. Seamster, 568 F.2d 188, 190 (10th Cir.1978), the court stated "[w]e think the legislative history of [FRE 609] shows that Congress intended to limit the term to prior convictions involving some element of deceit, untruthfulness, or falsification which would tend to show that an accused would be likely to testify untruthfully." In the instant case, the fact that Mr. Brothers was convicted of robbery does not tend to show that he would be likely to testify untruthfully.

In United States v. Mahone, 537 F.2d 922, 929 (7th Cir. 1976), the Court articulated a five-factor test for balancing the relative probativeness and unfair prejudice of a prior conviction. The Seventh Circuit explained that a trial court should consider: (1) the impeachment value of the prior crime; (2) the temporal relationship between the conviction and the defendant's subsequent criminal history; (3) the similarity between the past and the charged crime; (4) the importance of defendant's testimony; and (5) the centrality of the credibility issue."

In the instant case, the five-factor balancing test weighs against the admissibility of Mr. Brothers' prior conviction. In particular, the impeachment value of Mr. Brothers' prior 1996 robbery conviction has little probative value. His prior conviction does not constitute a crime of dishonesty nor does its probative value substantially outweigh its prejudicial effects. This twenty-year-old conviction does not reflect heavily on Mr. Brothers' credibility with respect to the instant offense. Second, there is no temporal relationship between his prior conviction and the instant offence because he has only one prior conviction (for a crime which is not a crime of dishonesty) which weighs heavily in favor of preclusion, as Mr. Brothers simply does not have a pattern of deceitful conduct. If the jury were to learn of the specifics of Mr. Brothers' 1996 conviction, the jury may become fixated on this conviction and convict Mr. Brothers' upon the basis of his prior conviction rather than the evidence presented with respect to the instant offense. Third, there is little similarity between Mr. Brothers' past conviction for robbery and the instant offense. However, there is a very real possibility that the jury will use Mr. Brothers' previous conviction for the wrong purpose and that the jury will convict Mr. Brothers based on a perceived belief that Mr. Brothers has a propensity to commit crimes rather than analyzing the evidence presented at trial.

The fourth factor is the most important with respect to the instant case, namely analyzing the importance of Mr. Brothers' testimony. In the instant case, Mr. Brothers is the primary and sole witness in support of his own defense. It is unlikely that Mr. Brothers can effectively go to trial without testifying in his own defense, as his testimony is crucial. However, should the Court admit the FRE 609 impeachment evidence, Mr. Brothers' ability to present his defense would be severely hindered, and would prejudice his case because he will be unable to take the stand without taking a major risk that the jury will impermissibly use his prior conviction to convict him or for an improper purpose.

The fifth factor, the defendant's credibility, is an important issue as well given that the probative value of allowing use of Mr. Brothers' prior robbery conviction is substantially outweighed by the inherent and obvious prejudice which will result in preventing Mr. Brothers from testifying in his own defense. Therefore, based on the foregoing, this Court should preclude use of his prior conviction pursuant to FRE 609 and FRE 403.

### B. Federal Rule of Evidence 403 Prohibits the Government from making Reference to Mr. Brothers' Parole Status

The Defense anticipates that the Government will attempt to introduce Mr. Brothers' parole status under the guise that the jury needs to know the context of the search which uncovered the firearms. Such a contention is unsupported. The parole search is not inextricably intertwined with the charges. Prior act evidence may be inextricably intertwined and admitted if it "constitutes a part of the transaction that serves as the basis for the criminal charge" or "when it was necessary to do so to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." United States v. DeGeorge, 380 F.3d 1203, 1220 (9th Cir. 2004). Even if evidence is inextricably intertwined, and here it is not, the Court would still have to "assess the evidence under Fed. R. Evid. 403." United States v. Beckman, 298 F.3d 788, 794 (9th Cir. 2002). Here, the parole status evidence is not inextricably intertwined and its risk for undue prejudice far outweighs any probative value it may have. This is especially true in circumstances where the jury will wonder why Mr. Brothers was on parole for well over a decade. Evidence of Mr. Brothers' parole status is the equivalent of evidence of a prior conviction, which carries a great risk of undue prejudice. *See* Old Chief v. United States, 519 U.S. 172, 180-182 (1997).

At the outset, this Court does not even need to decide whether the evidence is inextricably intertwined because the evidence is not probative. The Government can easily explain that law enforcement agents were at the residence where the firearms and ammunition were supposedly discovered due to a domestic complaint, and that agents "asked the family to look for anything suspicious and report it to them or the NYSP." (Dkt. No. 19-1, p. 4; Tr. 92). The Supreme Court has held that "[i]f an alternative [means of proof] were found to have substantially the same or greater probative value but a lower danger of unfair prejudice, sound judicial discretion would discount the value of the first item offered and exclude it if its discounted probative value were substantially outweighed by unfairly prejudicial risk." Old Chief, 519 U.S. at 182-83. Compared to the low probative value, evidence of parole status is highly prejudicial evidence that "allow[s] into evidence the damaging fact that [the defendant] had been convicted of a prior crime." United States v. Neill, 166 F.3d 943, 946 (9th Cir. 1999). Because law enforcement's presence at the residence (and the subsequent search) can be explained as a response to a domestic complaint, there is no need to rely on Mr. Brothers' parole status to explain the search.

Additionally, Mr. Brothers' parole status is not inextricably intertwined with the charged crimes of Possession of a Firearm/Ammunition by a Prohibited Person. The Government cannot contend that Mr. Brothers' parole status was part of the transaction underlying these firearm charges. Unable to assert this, the Government may instead argue that parole status is necessary to tell a coherent story about why the search was conducted. Courts, however, have cautioned against

applying the inextricably intertwined test too broadly because its "lack of clear meaning 'invites sloppy, non-analytical decision-making.'" United States v. Mota, 2015 U.S. Dist. LEXIS 16893, at *8 (N.D. Cal. Feb. 11, 2015) (quoting United States v. Green, 617 F.3d 233, 246 (3d Cir. 2010)).

In Mota, the government attempted to introduce evidence of a bank robbery in a separate robbery charge because the bank robbery was one detail mentioned to a jailhouse informant and would bolster the credibility of the informant. See Mota, *9. However, as the court noted "there are many such details, and it cannot be the case that all of them are necessary to . . . permit the prosecutor to offer a coherent and comprehensible story."

The case at bar is similar to United States v. Cole, 488 F. Supp. 2d 792, 806 (N.D. Iowa 2007). In Cole, the government sought to introduce evidence of a urinalyses and argued that the defendant's parole status was inextricably intertwined with the drug offenses charged because it explained "the circumstances surrounding why Cole was subjected to urinalyses." The court rejected that argument and held that although such evidence might provide some context for the urinalyses, "it is the results of the urinalyses that provide context to the charged crimes, not Cole's parolee status." The court further noted that even if the context were somehow relevant, the undue prejudice from introducing the defendant's parole status far outweighed any benefit gained from explaining the context. Here too, it is the results of the search that provide the context of the charged crime, not Mr. Brothers' parole status. Any minimal benefit from providing the jury with the parole basis for the search is outweighed by undue prejudice. The evidence should be excluded as Mr. Brothers' parole status is but one minor detail that is not required to explain law enforcement's presence at the residence – a fact which can easily be explained by stating that law enforcement agents were responding to a domestic complaint.

## C. Federal Rule of Evidence 403 Prohibits the Government from making reference to the fact that Mr. Brothers' interview with Agent Revord and Investigator Krangel took place at a correctional facility

For the same reasons set out above, and relying on those same cases, the Government should be precluded from making reference to the fact that Mr. Brothers' interview with Agent Revord and Investigator Krangel took place at a correctional facility. The Defense anticipates that the Government will attempt to introduce the location of Mr. Brothers' interview with law enforcement under the guise that the jury will need to know the location so as to have context for the interview where Mr. Brothers' allegedly made an incriminating statement. Such a contention is unsupported and the location of the interview is not inextricably intertwined with the charges. Rather than revealing the location of the interview, the Government can simply ask the witnesses questions such as, "did you, on May 12, 2015, have occasion to interview the defendant?" Any minimal benefit from providing the jury with the exact location of the interview is outweighed by undue prejudice. The evidence should be excluded as the location of the interview is but one minor detail that does not further the jury's understanding of Mr. Brothers' alleged statement.

Respectfully,

Merchant Law Group LLP


By:_____/s_____
         Daniel DeMaria

Encl.

cc:     AUSA Douglas G.N. Collyer

ORDER TO RELEASE ON PAROLE/REPAROLE

The Pennsylvania Board of Probation and Parole hereby grants parole/reparole to the prisoner named and on the sentences described below. It further ordered that he/she be released on the date indicated below. Subject to Board approval of a satisfactory plan and to the Conditions Covering Parole/Reparole (PBPP-11) and upon condition that he/she commits no misconducts or crimes, and that no evidence of past crimes or mental illness, previously undiscovered, comes to light.

| Name of Prisoner | ParNo. | Inst.No. | Authorized Date of Release |
|---|---|---|---|
| CLAYTON BROTHERS | 881AR | DC8281 | * |

| Place of Confinement | Date of Return (Reparole Cases Only) |
|---|---|
| STATE CORRECTIONAL INSTITUTION HUNTINGDON | |

|   | County | Date of Sentence(s) | Tp Term(s)/Indictment Number(s) | OTN(s) | Offense(s)/Charge(s) |
|---|---|---|---|---|---|
| A | CHESTE | 10/01/1996 | CC CP 960000196CT1 | E3857556 | ROBBERY |
| A | CHESTE | 10/01/1996 | CC CP 960000196CT 2 | E3857556 | BURGLARY |
| A | CHESTE | 10/01/1996 | CC CP 960000196CT 8 | E3857556 | CRIMINAL CONSPIRACY |

|   | Judge(s) | Term(s) of Sentence(s) |   | Expiration Dates Minimum   Maximum |   |
|---|---|---|---|---|---|
| A | PAULA OTT | 05YR | 20YR | 12/13/2000 | 12/13/2015 |

* PAROLED TO STATE OF DELAWARE DETAINER. APPROVED HOME TO BE AVAILABLE.
BEFORE YOU CAN BE RELEASED, YOU SHALL PROVIDE PROOF OF PAYMENT OF AT LEAST $30.00 OF MANDATORY COURT COSTS, IN ACCORDANCE WITH 18.P.S. {11.1101}.
----THEN----
PAROLED TO AN APPROVED PLAN UPON CONDITION THAT THERE ARE NO MISCONDUCTS AND SUBJECT TO THE FOLLOWING SPECIAL CONDITIONS:
BEFORE YOU CAN BE RELEASED, YOU SHALL PROVIDE PROOF OF PAYMENT OF AT LEAST $30.00 OF MANDATORY COURT COSTS, IN ACCORDANCE WITH 18.P.S. {11.1101}.

Signed this 20th day of July, 2001 at Harrisburg, PA

PENNSYLVANIA BOARD OF PROBATION AND PAROLE

BOARD SECRETARY
SEAL
SID 23673436

Actual Date of Release 8/26/01